RICHARD H. GRUBAUGH, APPELLEE, V. STATE OF NEBRASKA EX REL. STATE REAL ESTATE COMMISSION OF THE STATE OF NEBRASKA, APPELLANT.

273 N. W. 2d 673

Filed January 10, 1979. No. 41703.

Paul L. Douglas, Attorney General, and Robert H.

Petersen, Special Assistant Attorney General, for appellant.

William L. Walker and Earl Ludlam, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

CLINTON, J.

This is an appeal from an order of the District Court for Butler County, Nebraska, modifying an order of the Real Estate Commission of the State of Nebraska which suspended the real estate license of Richard H. Grubaugh for 1 year by reducing the suspension to 60 days. The Real Estate Commission has appealed to this court. We reverse and reinstate the order of the commission.

This action by the commission originated under the provisions of section 81-885.24, R. R. S. 1943, against Richard H. Grubaugh, Marvin Grubaugh, and Grubaugh Brothers, a partnership, all holders of licenses as real estate brokers. The licenses of the partnership and Marvin Grubaugh were suspended by the commission for 60 days and no appeal was taken by those parties from the order of suspension. The appellee Richard H. Grubaugh contends his suspension for a period of 1 year is so disparate, compared with the 60-day suspension of the parties who did not appeal and whose suspension involved the same transactions for which he was disciplined, that the action of the commission in his case was arbitrary and unreasonable and therefore the action of the District Court must be affirmed. He makes the same argument of disparateness by asking us to take judicial notice of other disciplinary actions by the commission in allegedly similar cases which he describes in his brief.

The charges of which the three parties were found guilty by the commission involve violations of stat-

utes of the State of Nebraska and regulations of the commission relating to shortages in the trust account of the partnership, payment of a real estate commission before closing of the sale, and preparation of sales contracts showing earnest money payments which had not in fact been made or which were "made" by checks which could not be cashed because the buyer had insufficient or no funds, all without the facts being noted on the contract as required by regulation. It does not appear from the evidence that any person did or was likely to suffer financial loss on account of the offenses in question.

Richard H. Grubaugh's argument that his suspension is disproportionate does not take account of the fact that he was the person in charge of the office of Grubaugh Brothers and it was his personal actions which led to the violations. The responsibility of Marvin Grubaugh was vicarious as he apparently was unaware of and did no act connected with the offenses. Marvin Grubaugh would also suffer unduly if the partnership license were suspended for a period longer than his own.

The Real Estate Commission was entitled to consider the different roles the parties played in the transactions and thus determine their relative culpability. The order of suspension of Richard H. Grubaugh was not therefore arbitrary and unreasonable. We hold the Real Estate Commission of the State of Nebraska, in imposing penalties for violation of state law, may take into consideration the relative culpability of parties to the same transaction.

The second horn of Richard Grubaugh's argument must fail because we cannot take judicial notice of the proceedings in other cases. The courts do not take judicial notice of the acts of government officials or boards in particular transactions. City of Scottsbluff v. Winters Creek Canal Co., 155 Neb. 723, 53 N. W. 2d 543; Housman v. Board of Medical Ex-

aminers of California, 186 P. 2d 187 (Cal. App.); 31 C.J.S., Evidence, § 40, p. 987. An adjudicative fact to be judicially noticed must be one not subject to reasonable dispute in that it is either (a) generally known within the jurisdiction of the court or (b) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. § 27-201 (2), R. R. S. 1943.

The order of the Real Estate Commission relative to Richard H. Grubaugh is therefore reinstated with credit to be given for the period of suspension actually satisfied. The unsatisfied portion of the suspension shall begin with issuance of the mandate of this court in this case.

REVERSED AND REMANDED.